NATIONAL ELEVATOR INDUSTRY WELFARE PLAN, et al., Plaintiffs,

v.

VIOLA INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 84–2286–S.

United States District Court, D. Kansas.

Nov. 4, 1987.

John P. Hurley, Linda Kay Knight, Herman M. Shaffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., Joseph P. Boyle, O'Donoghue & O'Donoghue, Philadelphia, Pa., Thomas M. Mullinix, Evans, Mullinix and Jarczyk, Kansas City, Kan., for plaintiffs.

Richard D. Anderson, Jeffrey A. Chanay, Entz, Anderson & Chanay, Topeka, Kan., for defendants.

## ORDER

SAFFELS, District Judge.

■ This matter is before the court on remand from the Tenth Circuit Court of Appeals. Plaintiffs brought suit against the defendants to recover unpaid contributions. This court granted summary judgment in favor of plaintiffs. Although defendants' liability to plaintiffs has been established, the court has never squarely addressed the issue of what constitutes the bargaining unit for purposes of determining the appropriate amount of unpaid contributions. Plaintiffs' audit included not only elevator constructor mechanics and helpers, but also shipping clerks and other plant personnel. Defendants object to the inclusion of these persons, and argue that an administrative law judge has already determined that the bargaining unit is less inclusive than the plaintiffs' audit. Although plaintiffs contend that the court has already accepted the audit and therefore has found shipping clerks and others to be included in the damage amount, the court now finds that it has not been presented with sufficient information to make this determination. The court does not know how much in damages is at stake in seeking to include these several plant employees, but if plaintiffs wish to pursue a recovery for unpaid contributions arising from the employment of these persons, the court will accommodate them. In lieu of a hearing (although the court may call one if necessary), the court directs the following procedures to be followed by the parties. In following these procedures, the parties will not be compromising their position on appeal in any way; for this reason, the court will not accept any responses such as defendants filed on July 6, 1987 in response to a Show Cause Order, in which they refused to submit the required information "because by doing so their position on appeal could be waived." The parties are directed to make full, complete and detailed responses, because the court will base its decision on them.

(1) Defendants are directed to permit plaintiffs' auditor to conduct an audit of their records in the same manner as previously performed. The auditor must be allowed to review the records of each requested employee. This audit shall be performed at a mutually-agreeable time within two (2) weeks of the date of this order.

Any extension of time for the audit must be approved beforehand by the court upon timely application.

■ (2) Defendants are directed to file a pleading in which they reference *each individual* by name as to whom they contend plaintiffs are not entitled to damages for unpaid contributions, within ten (10) days of the date of the auditor's final report. Defendants should describe the job duties of these individuals and the situs of their work. Defendants should construct an argument based on legal precedent in defending their objection to inclusion of these individuals. As to each worker for whom defendants have not adequately supported their argument, they will be included. In other words, the presumption is that the auditor's report is correct. Because the court believes that the issue of the appropriate bargaining unit has yet to be properly addressed, defendants' objections can go to the initial auditor's report as well.

(3) Plaintiffs will have ten (10) days from the date of receipt of defendants' pleading in which to respond. Specifically, the court seeks specific comment on each individual employee for whom contributions are claimed. The court also desires that plaintiffs couch their argument with legal precedent.

(4) Defendants will then have five (5) days to reply.

In addition to the foregoing pleadings, the court directs plaintiffs to submit two (2) proposed Orders concerning the final judgment amount in this case, excluding attorney's fees. One Order should constitute the final judgment assuming the court finds that the objectionable employees should remain in the bargaining unit for the purposes of damages, including the amount previously entered by the court as a judgment in favor of plaintiffs. The other Order should constitute the judgment assuming the court finds that the objectionable employees should not be in the bargaining unit, including the corresponding reduction of the judgment previously entered by the court.

Finally, if defendants desire to be heard on plaintiffs' several motions for attorney's fees, they should file an appropriate response within ten (10) days of the date of this Order. The court does not wish to beat a dead horse, but the briefs filed by the parties on the issue of the appropriate bargaining unit have been confusing and have assumed that the court is completely knowledgeable in the field of collective bargaining agreements and the like. While the court does not intend to shortchange itself in any respect, such issues rarely come before the court, and well-written legal briefs certainly aid the court in such circumstances.

IT IS SO ORDERED.